# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**  CASE NO: 6:13-cr-118-Orl-31TBS

**PATRICK HYMON**

# ORDER

This case comes before the Court on the following:

1. Defendant's Motion to Suppress Evidence and Statements (Doc. 28) ("Motion to Suppress");

2. The Government's Response in Opposition to the Motion to Suppress (Doc. 30) ("Response to Motion");

3. Evidentiary Hearing on the Motion to Suppress (*See* Doc. 33) ("Hearing");

4. Defendant's Post-Hearing Memorandum in Support of Motion to Suppress (Doc. 38) ("Supporting Memorandum"); and

5. The Government's Response in Opposition to the Supporting Memorandum (Doc. 39) ("Response to Memorandum").

The Court having heard argument from counsel and considering the evidence entered during the Hearing finds that the Motion to Suppress is due to be denied.

The government produced credible testimony that the evidence sought to be suppressed was collected during a consented-to search of a hotel room. The testimony demonstrated that on August 21, 2012 Ms. Alyssa Feltman gave two officers of the Daytona Beach Police Department permission to enter and search apartment No. 19 at the Bayview Motel in Daytona Beach.

The testimony of the government's witnesses, Daytona Beach Police Officer Dan Robins, ATF Special Agent Adam Black, and Daytona Beach Police Detective Chris Vahey was uncontradicted. Officer Robins' testimony established that Ms. Feltman gave consent to enter and search the hotel room. Defendant Hymon produced no witnesses to contradict this testimony.[1] The totality of the circumstances demonstrate the search was consented to, *United States v. Purcell*, 236 F.3d 1274, 1281 (11th Cir. 2001), thus, there is no basis to suppress the evidence obtained from the search of the hotel room.

Further, Defendant Hymon's August 21, 2012 and April 8, 2013 statements are not due to be suppressed. Defendant Hymon challenges the admissibility of his August 21, 2012 statement to Daytona Beach Police Officers on the basis of intoxication. However, Defendant Hymon offered no evidence of intoxication and merely relied on the fact that a cut straw used to consume cocaine was found near Defendant Hymon and that he admitted to snorting cocaine and hydrocondone at some time.[2] Defendant Hymon offered no evidence that the he was under the effects of any narcotic or intoxicant at the time of the search, thus he has not presented a basis to suppress his August 21, 2012 statement.

---

[1] Defendant relies upon an August 27, 2012 written statement by Ms. Feltman asserting that she did not consent to the search of the hotel room. (Doc. 28 at 5-6). Later Ms. Feltman disavowed this statement. (*See* Doc. 39 at 4 (noting Detective Vahey's testimony about Ms. Feltman recanting her August 27, 2012 written statement)). The Defendant did not call Ms. Feltman during the hearing to elicit testimony as to whether she consented to the search. Further, Defendant Hymon's own confession indicates that Ms. Feltman consented to the search. (*See* Doc. 39 at 3 (summarizing Defendant Hymon's recorded statements regarding Ms. Feltman's consent to search)).

[2] The exhibit Defendant Hymon relies upon for evidence of intoxication records his statement about narcotic use as "I use cocaine and I have also snorted a crushed hydrocodone a while back out of [the straw found in the hotel]." (Doc. 28 Appx. A). Notably, the statement regarding cocaine use gives no time reference and the statement regarding hydrocodone use indicates that it was not close in time to the search.

Defendant Hymon further asserts that that his April 8, 2013 statement to ATF Special Agent Jason Denham should be suppressed due to state criminal proceedings in which Defendant Hymon requested counsel. As the government points out, however, the state charges against Defendant Hymon had been dropped by the time he was questioned by Agent Denham. Agent Black's uncontradicted testimony established that Defendant Hymon was advised of his *Miranda* rights and he subsequently waived those rights. Because Defendant Hymon waived his right to counsel, his confession to Agent Denham was not in contravention of his Sixth Amendment right to counsel. *See Montejo v. Louisiana*, 556 U.S. 778, 786, 129 S. Ct. 2079, 2085, 173 L. Ed. 2d 955 (2009) ("The defendant may waive the right whether or not he is already represented by counsel; the decision to waive need not itself be counseled.").

Therefore it is,

**ORDERED**, Defendant's Motion to Suppress (Doc. 28) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on September 16, 2013.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant